**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TRUSTEES OF THE NATIONAL ELEVATOR     :
INDUSTRY PENSION, HEALTH BENEFIT     :
AND EDUCATIONAL FUNDS     :
19 Campus Boulevard, Suite 200     :
Newtown Square, PA 19073-3228     :
    :
             Plaintiffs,     :
       v.     :     CIVIL ACTION NO.
    :
POWER ELEVATOR SERVICE CO.     :
P.O. Box 25815     :
Sarasota, FL 34277-2815     :
    :
             Defendant.     :

**COMPLAINT**

**Jurisdiction**

1.  This Court has jurisdiction of this action under Sections 502 and 515 of the Employee

Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1132 and 1145,

and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a).

This is an action to enforce an employer's contractual obligation to make contributions to multi-

employer employee benefit plans under the terms of the Plans and under the terms of a Collective

Bargaining Agreement.

**Parties**

2.  The Plaintiffs are the Trustees of the National Elevator Industry Pension, Health Benefit

and Educational Funds ("NEI Trust Funds").  The NEI Trust Funds are multi-employer employee

benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and

(37).  The NEI Trust Funds are established and maintained according to the provisions of

Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement

between the International Union of Elevator Constructors and the Defendant.  The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit and Educational Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3.    Defendant, Power Elevator Service Co., is a corporation existing under the laws of the State of Florida, with offices located at P.O. Box 25815, Sarasota, FL 34277-2815.   Defendant transacts business in Florida as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

## COUNT I

4.    Power Elevator Service Co. entered into a Collective Bargaining Agreement with the International Union of Elevator Constructors establishing the terms and conditions of employment for the Defendant's employee elevator constructors, mechanics and helpers employed by Power Elevator Service Co.

5.    Pursuant to its Collective Bargaining Agreement, Power Elevator Service Co. agreed to pay to the NEI Trust Funds certain sums of money for each hour worked by all employees of Defendant covered by the Collective Bargaining Agreement.

6.    Power Elevator Service Co. employed certain employees covered by the Collective Bargaining Agreement during the months of February 1991 through and including the present.

7.    Power Elevator Service Co. is bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Participation in the NEI Trust Funds (hereafter "Guidelines").

8.    The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

the Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed. In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions. The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

9. Accordingly, in addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions. By agreeing to the terms of the Agreement and Declaration of Trust, the Employer specifically agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date Judgment is entered by the Court.

10. Power Elevator Service Co. has failed to make contributions due to the NEI Trust Funds for the months of February 2002 through and including May 2002 in the amount of $20,338.60.

11. Power Elevator Service Co.'s contributions on behalf of its elevator constructor employees for the months of November 2001 through and including January 2002 were paid late. Interest is due on these late paid contributions.

12. Pursuant to this provision, Power Elevator Service Co. is obligated to the NEI Trust Funds in the amount of $4,067.72 in liquidated damages assessed on the delinquent contributions for the months of February 2002 through and including May 2002, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment and fees and costs.

WHEREFORE, in Count I, the NEI Trust Funds pray judgment as follows:

A.    In the amount of $20,338.60 for contributions due for work performed in February 2002 through and including May 2002, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g), the Trust Agreements and the Guidelines.

B.    For the amount of $4,067.72 in liquidated damages assessed on the delinquent contributions for the months of February 2002 through and including May 2002, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii), the Trust Agreements and Guidelines.

C.    For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of ERISA and the Trust Agreements and Guidelines.

D.    For such further relief as the Court may deem appropriate.

## COUNT II

13. The NEI Trust Funds hereby adopt, incorporate and restate in Count II paragraphs 1 through 12 of Count I.

14. This Court has jurisdiction of this action under sections 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. Sections 1132(a)(3), (f), (g) and 1145.  This is an action to enjoin violations of the terms of an employee benefit plan.

15. Power Elevator Service Co., pursuant to the Trust Agreements, agreed to make timely contributions to the NEI Trust Funds in the amounts and on the dates required by its Collective Bargaining Agreement with the International Union of Elevator Constructors in order to maintain the benefits provided through the Funds.

16. Power Elevator Service Co. has repeatedly failed to submit timely reports or

contributions to the Fund in violation of the requirements of the aforementioned Agreements and

Declarations of Trust.

WHEREFORE, in Count II, the NEI Trust Funds pray judgment as follows:

A.      For a Court Order enjoining violations of the terms of the Plaintiff employee benefit

plans requiring Power Elevator Service Co. to submit timely contributions and report to the NEI

Trust Funds.

B.      For such further relief as the Court may deem appropriate.


                                                        Respectfully submitted,


DATE:  June 19, 2002                                    **O'DONOGHUE & O'DONOGHUE**
                                                        Constitution Place, Suite 515
                                                        325 Chestnut Street
                                                        Philadelphia, PA  19106
                                                        Telephone (215) 629-4970
                                                        Facsimile (215) 629-4996


                                                        By:    _____
                                                               Robert P. Curley
                                                               Attorney I.D. No. 55760


                                                        By:    _____
                                                               David D. Capuano
                                                               Attorney I.D. No. 70238

                                                               Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as

required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h)

this 19th day of June, 2002 on the following:

Secretary of the Treasury
15th. and Pennsylvania Ave., N.W.
Washington, DC 20220
ATTN: Employee Plans
        Internal Revenue Service

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20002
ATTN: Assistant Solicitor
        for Plan Benefits Security

_____
David D. Capuano